

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID R. ROSE, <br> TDCJ-CID NO. 1439840, <br><br> Petitioner, <br><br> v. <br><br> RICK THALER, Director, Texas <br> Dept. of Criminal Justice, Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | No. 3:08-CV-2081-L (BF) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

### I. Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent, formerly Nathaniel Quarterman, is Rick Thaler, Director of TDCJ-CID.

### II. Background

On January, 19, 2007, Petitioner entered an open plea of guilty to aggravated robbery with a deadly weapon and true to two enhancement paragraphs for prior felonies. *State of Texas v. David Ray Rose*, No. F-0601159-M (Crim. Dist. Ct. No. 194, Dallas County, Tex., Jan. 19, 2007). Petitioner now challenges his conviction, arguing he was denied effective assistance of counsel. On January 2, 2008, Petitioner filed a state application for habeas corpus relief, raising the issue of

ineffective assistance of counsel. *Ex Parte Rose*, No. 69,729-01. The Court of Criminal Appeals denied the petition without written order on the findings of the trial court on April 23, 2008.

On November 21, 2008, petitioner filed the instant petition under 28 U.S.C. § 2254. (Pet. 1.) He alleges his trial counsel was ineffective because counsel:

(1)   failed to conduct an adequate investigation into the case or subpoena any witnesses;

(2)   misled Rose into believing that he would receive a life sentence if he did not plead guilty;

(3)   did not advise him of his right to confrontation;

(4)   failed to advise him of his right to withdraw his guilty plea;

(5)   allowed him to plead guilty while he was under the influence of psychiatric medication; and

(6)   did not deliver "any copies of transcripts or motions" or "all papers and property" to which Rose was entitled.[1]

(Pet. Mem. 3, 6, 8, 11-13.) On April 24, 2009, Respondent filed an answer to the petition arguing that the petition is barred by the statute of limitations. In his reply, Petitioner does not dispute that his claims are time-barred, but rather asks the Court to ignore the limitations period because he is proceeding pro se. The Court now finds the petition should be dismissed as time-barred.

### III. Discussion

A.   **Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present

---

[1] Petitioner did not raise this last issue in his state habeas petition.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**         Page -2-

petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[2] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

The Court finds that the period for the statute of limitations began to run on January 19, 2007. Rose's judgment of conviction was imposed on January 19, 2007, and he did not file an appeal. (Pet. 2-3.) The record reflects that Rose voluntarily and knowingly agreed to forfeit his right to a direct appeal. (State Pet. 68-69.) The Fifth Circuit has held that for the purposes of establishing finality,

---

[2]The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

the reviewing court should ask whether the defendant "engaged the Texas direct review process" regardless of whether the appeal was valid under state law. *Foreman v. Dretke*, 383 F.3d 336, 340 (5th Cir. 2004). Here, Rose waived his right of appeal and did not subsequently "engage the Texas direct review process." Therefore, his conviction became final on the date of sentencing, January 19, 2007. Alternatively, the limitations period began to run no later than February 19, 2007, when the time for filing a direct appeal expired. *See* TEX. R. APP. P. 26.2(a)(1) (notice of appeal must be filed "within 30 days after the day sentence is imposed"); *see also* TEX. R. APP. P. 4.1(a) (if the last day of a period falls on a weekend or legal holiday, the period extends to the next day that is not a legal holiday). He then had one year, or until no later than February 19, 2008, to file his federal petition.

Rose filed a state application for habeas corpus relief on January 2, 2008, and the Court of Criminal Appeals denied the application on April 23, 2008. Pursuant to 28 U.S.C. § 2244(d)(2), the limitations period was tolled during the 112 days Rose's application was before the Court of Criminal Appeals. When 112 days are added to the limitation period of February 19, 2008, the new deadline becomes June 10, 2008.

Rose filed his petition with this Court on November 21, 2008, 164 days too late. Therefore, his petition must be dismissed as time barred.

### B.     Equitable Tolling

The one-year limitations period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the

plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has not shown that he was misled by the state or prevented in some extraordinary way from asserting his rights. Petitioner waited until 258 days after the one-year limitations period had expired before he filed his state petition. Petitioner has not shown that he diligently pursued his habeas remedies. *See Coleman*, 184 F.3d at 402 (stating that for equitable tolling to apply, the applicant must diligently pursue habeas corpus relief). Additionally, "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Petitioner has not shown that he is entitled to equitable tolling.

## RECOMMENDATION

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitations period. *See* 28 U.S.C. §2244(d).

Signed this ___ day of August, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).