IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DAVID RAY ROSE**, § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:08-CV-2081-L** |
| § | |
| **RICK THALER, Director**, § | |
| **Texas Department of Criminal Justice**, § | |
| **Correctional Institutions Division**, § | |
| § | |
| Respondent. § | |

## ORDER

Before the court is David Ray Rose's Petition for Writ of Habeas Corpus, filed November 21, 2010. The case was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on August 15, 2011. Petitioner filed objections to the Report on September 29, 2011. Although not received until after the extended deadline of September 28, 2011, the court nevertheless considers the objections.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. Petitioner alleges that his counsel was ineffective for various reasons. Without addressing the merits of Petitioner's ineffective assistance claim, Magistrate Stickney found that the petition was procedurally barred by statute of limitations, because Rose filed his petition 164 days after the limitation period expired. Magistrate Stickney further found that the applicable limitations period was not equitably tolled, because Petitioner has not shown he was misled by the state or prevented in some extraordinary way from asserting his rights in a timely fashion.

Petitioner makes a number of objections, which go to the merits of his case rather than the timeliness issue. Petitioner also contends that the applicable limitations period was equitably tolled

because his attorney did not advise him of his right to appeal. Such error or neglect is not an "extraordinary circumstance" that would permit equitable tolling. *See In re Lewis*, 484 F.3d 793, 797 (5th Cir. 2007). Moreover, Petitioner states no facts that would give rise to a finding that his attorney acted with "intentional deceit" that could warrant equitable tolling. *See United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002).

Accordingly, the court agrees with the magistrate judge's findings and conclusions that the petition is barred by applicable statute of limitations, and that Petitioner failed to diligently pursue his habeas remedies. The court therefore **overrules** Petitioner's objections to the magistrate judge's findings and **accepts** the magistrate judge's findings and conclusions as those of the court. The court therefore **dismisses with prejudice** the writ of habeas corpus.

**It is so ordered** this 30th day of September, 2011.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge